IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**JONATHAN MAYO,**

    Plaintiff,

v.                                                            Civil Action No. **3:20CV908**

**MELISSA R. PUNTER,** *et al.*,

    Defendants.

## MEMORANDUM OPINION

Jonathan Mayo, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The matter comes before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons set forth below, the action will be DISMISSED for failure to state a claim and because it is legally frivolous.

### I. Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

*Neitzke v. Williams,* 490 U.S. 319, 327 (1989)), *aff'd,* 36 F.3d 1091 (4th Cir. 1994). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin,* 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (second alteration in original) (citation omitted). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Bell Atl. Corp.,* 550 U.S. at 556). In order for a claim or complaint to survive

dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his or her complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Mayo's Allegations

Between January 7 through January 9, 2020, Mayo was tried in the Circuit Court for the City of Newport News, Virginia for charges stemming from the sexual abuse of a child. (ECF No. 1, at 8.) Mayo alleges that Defendants[2] committed errors related to his ongoing detention and criminal proceedings. Specifically, Mayo alleges that Officer Punter filed a criminal complaint based on false information, that no probable cause existed for his arrest, and all further proceedings were "null and void." (*Id.* at 6–8.) Mayo also contends that because he was detained for these criminal proceedings, Officer Punter, Judge Bensten, and David Lee "caused [Mayo] to be unwantingly touched, moved, or prevented from moving, and periodically strip searched." (*Id.* at 8.) Finally, Mayo contends that Shannon Jones "present[ed] knowingly false

---

[2] Mayo names the following individuals as Defendants: Melissa R. Punter, a Newport News Police Officer; Ronald E. Bensten, the judge who presumably presided over Mayo's criminal proceedings; David Lee, Mayo's defense attorney; Mark Herring, "Commonwealth Attorney General;" and Nathan R. Green, Howard E. Gwynn, Shannon Jones, Travis White, and Valerie S. Muth, all attorneys in the Office of the Commonwealth's Attorney in either James City County or Williamsburg. (ECF No. 1, at 1–2.) The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization in the quotations from Mayo's Complaint.

3

evidence to the jury." (*Id.*) Mayo claims that these actions violated his Fourth[3] and Fourteenth[4] Amendment rights. (*Id.* at 7.) Mayo seeks monetary damages and an investigation into his case. (*Id.* at 11.)

### III. Analysis

The Court finds it both unnecessary and inappropriate to engage in an extended discussion of Mayo's theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))). Ultimately, Mayo's Complaint will be dismissed for failing to state a claim under Federal Rule of Civil Procedure 12(b)(6) and as legally frivolous.

#### A. No Personal Involvement

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given *pro se* complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (citing *U.S. ex rel. Brzozowski v. Randall*, 281 F. Supp. 306, 312 (E.D. Pa. 1968)). Here, Mayo fails to mention Defendants Herring, Green, Gwynn, White, and Muth in the body of the Complaint.

---

[3] "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." U.S. Const. amend. IV.

[4] The Fourteenth Amendment provides: "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

Thus, he has failed to allege a claim against these five Defendants. Accordingly, any claim against Defendants Herring, Green, Gwynn, White, and Muth will be DISMISSED.[5]

### B. Persons Not Amenable to Suit Under § 1983

Mayo faults his defense attorney, Defendant Lee, for his ongoing detention which "caused [Mayo] to be unwantingly touched, moved, or prevented from moving, and periodically strip searched." (ECF No. 1, at 8.) However, private attorneys and public defenders do not act under color of state or federal authority when they represent defendants in criminal proceedings. *See, e.g., Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (holding that private attorneys do not act under color of state or federal law when representing clients). Therefore, Defendant Lee is not a person amenable to suit in accordance with § 1983. Accordingly, Mayo's claims against Defendant Lee will be DISMISSED for failure to state a claim and as legally frivolous.

### C. Defendants Immune from Suit

Mayo also contends that because he was detained during his criminal proceedings, Defendant Judge Bensten, "caused [Mayo] to be unwantingly touched, moved, or prevented from moving, and periodically strip searched." (*Id.* at 8.) Judges are absolutely immune from suits under § 1983 for acts committed within their judicial discretion. *Stump v. Sparkman*, 435 U.S.

---

[5] Ordinarily, a dismissal for failure to allege that a defendant was personally involved in the deprivation of a plaintiff's rights would be one without prejudice. However, with the exception of Defendant Herring, these Defendants are attorneys in the Office of the Commonwealth's Attorney, and as discussed in Part III.C, are also immune from suit. Therefore, the dismissal is one with prejudice because Mayo's claims against these Defendants are legally frivolous. Moreover, the Court fails to discern how Defendant Herring, as Attorney General for the Commonwealth, could have had any personal involvement in Mayo's arrest, detention, or prosecution under any set of facts.

5

349, 355–56 (1978). "Absolute judicial immunity exists 'because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.'" *Lesane v. Spencer*, No. 3:09CV012, 2009 WL 4730716, at *2 (E.D. Va. Dec. 3, 2009) (citations omitted) (quoting *McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972), *overruled on other grounds*, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995)). A judge is entitled to immunity even if "the action he took was in error, was done maliciously, or was in excess of his authority . . . ." *Stump*, 435 U.S. at 356. Only two exceptions apply to judicial immunity: (1) nonjudicial actions; and, (2) those actions "though judicial in nature, [are] taken in complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (citation omitted). Neither exception applies in this instance.

Mayo faults Defendant Bensten for presiding over the criminal proceedings that caused him to be detained. As a preliminary matter, Mayo fails to allege facts that plausibly suggest that Defendant Bensten had any control over the conditions of Mayo's confinement. To the extent that Mayo faults Defendant Bensten for the fact of his confinement, Mayo also fails to allege that Defendant Bensten's actions amounted to nonjudicial actions or that he acted in the complete absence of all jurisdiction. Accordingly, because he is entitled to judicial immunity, Mayo's claims against Defendant Bensten will be DISMISSED for failure to state a claim and as legally frivolous.

Mayo also names Defendant Jones, a prosecutor from the Office of the Commonwealth's Attorney for Newport News, for her involvement in his criminal proceedings. (ECF No. 1, at 8.) However, prosecutorial immunity bars Mayo's claims for money damages against Defendant Jones. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Prosecutorial immunity extends to actions taken while performing "the traditional functions of an advocate," *Kalina v. Fletcher*,

6

522 U.S. 118, 131 (1997) (citations omitted), as well as functions that are "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. To ascertain whether a specific action falls within the ambit of protected conduct, courts employ a functional approach, distinguishing acts of advocacy from administrative duties and investigative tasks unrelated "to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) (citation omitted); *Carter v. Burch*, 34 F.3d 257, 261– 63 (4th Cir. 1994). Absolute immunity protects those "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his [or her] role as an advocate for the State." *Buckley*, 509 U.S. at 273.

Mayo faults Defendant Jones for "present[ing] knowingly false evidence to the jury." (ECF No. 1, at 8.) Mayo fails to allege, however, that the prosecutor's actions in his pending criminal proceedings were taken outside of her role as advocate for the Commonwealth. *See Imbler*, 424 U.S. at 430 (holding that prosecutorial immunity extends to prosecutor's actions "in initiating a prosecution and in presenting the State's case"). Therefore, Mayo's claims for damages against Defendant Jones will be DISMISSED as legally frivolous and for failure to state a claim.

Moreover, given the frivolous nature of Mayo's claims, Mayo states no basis for any other relief against Defendant Jones. *See* 28 U.S.C. § 1915A(b)(1). Accordingly, Mayo's request for injunctive relief in the form of "ordering the prosecutors to investigate perjury" (ECF No. 1, at 11) will also be DISMISSED

### E. *Heck v. Humphrey* **Bars the Claims Against Defendant Punter**

In his allegations pertaining to Defendant Punter, Mayo seeks the invalidation or vacation of his criminal conviction. This notion—that Mayo can vacate or alter his criminal conviction and obtain monetary damages and injunctive relief stemming from his purportedly improper

7

incarceration through a civil lawsuit—"is legally frivolous under *Heck v. Humphrey*, 512 U.S. 477 (1994), and related cases." *Payne v. Virginia*, No. 3:07CV337, 2008 WL 1766665, at *2 (E.D. Va. Apr. 17, 2008). In *Heck*, the Supreme Court emphasized that civil tort actions are "not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. The Supreme Court then held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486–87 (internal footnote omitted). The Supreme Court then required that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his [or her] conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

In *Edwards v. Balisok*, the Supreme Court extended *Heck* to civil rights actions that do not directly challenge confinement, but instead contest procedures that necessarily imply unlawful confinement. *See* 520 U.S. 641, 646 (1997). The Supreme Court has explained that *Heck* and its progeny teach that:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

Mayo contends that Defendant Punter violated his rights under the Fourth Amendment because she lacked probable cause to swear out a criminal complaint because her investigation of

8

Mayo's sexual abuse of a child was based on false testimony from the victim. (ECF No. 1, at 6–8.) Mayo fails to articulate, and the Court fails to discern, how he could prevail on such claims and not simultaneously invalidate the fact of his convictions. *See Edwards*, 520 U.S. at 648; *Heck*, 512 U.S. at 479, 481, 490 (concluding alleged due process violations barred in § 1983 suit); *cf. Brooks v. City of Winston-Salem*, 85 F.3d 178, 183–84 (4th Cir. 1996) (noting that to state a plausible § 1983 claim of malicious prosecution for unreasonable seizure of the person in violation of the Fourth Amendment, the defendant must have "seized [plaintiff] pursuant to legal process that was not supported by probable cause and . . . the criminal proceedings [must have] terminated in [plaintiff]s favor").

Because success on his claims against Defendant Punter necessarily implies that his convictions are invalid, as required under the second prong of the *Heck* analysis, Mayo must demonstrate a successful challenge to his convictions. *Heck*, 512 U.S. at 487. Mayo makes no such allegation. *See id.* at 486–87. Thus, *Heck* bars Mayo's claims against Defendant Punter. Any claim against Defendant Punter will be DISMISSED for failure to state a claim and as legally frivolous.

### IV. Conclusion

For the foregoing reasons, Mayo's claims will be DISMISSED for failure to state a claim and as legally frivolous. The action will be DISMISSED. The Clerk will be DIRECTED to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date: July 28, 2021
Richmond, Virginia

9